MANDATORY
CHAMBERS COPY

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   JOAN S. DINSMORE (CA Bar No. 245629)
    jdinsmore@mcguirewoods.com
2   MCGUIREWOODS LLP
    434 Fayetteville Street, Suite 2600
3   Raleigh, North Carolina 27601
    Telephone:  (919) 755-6600
4   Facsimile:  (919) 315-6699

5   ASHLEY R. FICKEL (CA Bar No. 237111)
    afickel@dykema.com
6   DYKEMA GOSSETT LLP
    333 South Grand Avenue, Suite 2100
7   Los Angeles, California 90071
    Telephone:  (213) 457-1800
8   Facsimile:  (213) 457-1850

9   JANET L. CONIGLIARO (*pro hac vice*)
10  jconigliaro@dykema.com
    DYKEMA GOSSETT PLLC
11  2723 South State Street, 4th Floor
12  Ann Arbor, Michigan 48104
    Telephone: (734) 214-7637
13
    J. TRACY WALKER IV (*pro hac vice*)
14  twalker@mcguirewoods.com
    MCGUIRE WOODS LLP
15  One James Center
    901 East Cary Street
16  Richmond, VA  23219-4030
    Telephone:  (804) 775-1131
17  Facsimile:  (804) 698-2201

18  Attorneys for Defendant FORD MOTOR COMPANY

19                **UNITED STATES DISTRICT COURT**

20                **CENTRAL DISTRICT OF CALIFORNIA**

21  JENELLE FORD and BARRY FORD,          **DISCOVERY MATTER**
    h/w, on behalf of themselves and others
22  similarly situated,                   Case No.:  2:13-cv-08335-PSG-SS

23              Plaintiffs,               Before the Hon. Philip S. Gutierrez
                                          Courtroom 880 - Roybal
24        vs.
                                          **STIPULATED CONFIDENTIALITY**
25  FORD MOTOR COMPANY, a                 **AGREEMENT FOR ENTRY OF**
    Delaware corporation, and             **PROTECTIVE ORDER; AND**
26  DOES 1-100,                           **[PROPOSED] PROTECTIVE**
                                          **ORDER**
27              Defendant.

28

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure ("FRCP") 26(c)(1), and with the consent of the parties, hereby ORDERED:

1.  **Scope of Order.**  This Order is intended to facilitate the Parties' production of information and documents as part of voluntary disclosure and in response to discovery requests.  Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations.  This Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party (defined below) designates as "Confidential."  This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena. Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created by or on behalf of that counsel.  Such work product may be retained by the counsel creating it.  However, Confidential Information in such work product will remain Confidential Information that may not be shared with any entity or person except as otherwise provided in this Order.

2.  **Relationship to _Martin v. Ford_.**  This Order is intended to be a continuation and extension of the Protective Order entered on April 27, 2011 in the case of _Martin v. Ford_, Civ. Action No. 2:10-cv-02203-JHS (E.D. Pa.) at Docket No. 48.  _See_ Exhibit 1 attached hereto (hereinafter "_Martin_ Protective Order").  The Parties agree that this Order shall cover any and all Confidential Information, including documents and deposition transcripts, produced pursuant to the _Martin_ Protective Order and that all such Confidential Information from the _Martin_ case may be used in the above-captioned case in accordance with this Order.

2

3.    **General Definitions.**  For purposes of this Order, the following terms have the following meanings:

      a.    Pursuant to FRCP 26(c)(1)(G), "Confidential Information" shall mean trade secrets or other confidential research, development, or commercially sensitive business information, the disclosure of which would cause competitive hardship, that  is contained in Protected Documents.  Confidential Information may include, but is not limited to (1) engineering documents and analysis, including design drawings and specifications, (2) test documents, analysis and testing procedures; (3) manufacturing specifications and procedures; (4) internal business analysis or financial information; (5) confidential customer information; and (6) any other similar proprietary, confidential, or private information, including but not limited to trade secrets and other commercially sensitive business information. Information in categories (5) and (6) may include such things as personally identifying information, trade secrets not falling within one of the other categories, and competitive intelligence,  which requires protection for personal privacy or competitive protection reasons.

      b.    "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential."

      c.    "Discovery Materials" shall mean and include, without limitation, Documents, including Electronically Stored Information (ESI), responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, digital media (such as CD-ROMs or DVDs), deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

      d.    "Document" shall mean and include, without limitation, all written material and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hardcopy,

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3

1   videotape, CD-ROM, DVD, hard drive or otherwise) defined as broadly as

2   permitted under FRCP 34.

3        e.    "Party" or "Parties" shall mean and include the parties to this

4   litigation.

5        f.    "Pleadings" shall mean and include, without limitation, all

6   papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

7        g.    "Protected Documents" shall mean documents to be produced in

8   this litigation which contain Confidential Information.

9   4.    **Designating Confidential Information.**

10       a.    All designations of Confidential Information shall be made in

11  good faith by the Designating Party and made at the time of disclosure,

12  production, or tender.

13       b.    The designation of Confidential Information may be made by

14  marking or placing the applicable notice "Subject to Protective Order,"

15  "Confidential," or substantially similar notice, on the document, or, where a copy

16  of the original document is to be produced, on that copy.  Any electronic, visual,

17  or other Confidential Information not on paper shall be designated as identified in

18  Paragraph 4(a) on the exterior surface of the container or object that contains the

19  electronic, visual or other non-paper Confidential Information.  In addition, the

20  Disclosing Party shall use its best efforts to affix the legend described in

21  Paragraph 4(a) to any electronic, visual, or other medium so that the legend is

22  visible while the medium is being viewed.  All parties recognize that native format

23  documents cannot be so marked, and thus, to the extent native format documents

24  are produced, the producing party will make reasonable provision for marking

25  native format documents in connection with transmission or retention of such

26  documents on office systems.

27       c.    Any document or any information designated as "Subject to

28  Protective Order," "Confidential," or similar language in accordance with the

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

1 provisions of this Order shall only be used, shown or disclosed as provided in this
2 Order.

3         d.    The burden of proving that a Protected Document contains
4 Confidential Information is on the Designating Party. Prior to designating any
5 material as "Confidential," the Designating Party must make a bona fide
6 determination pursuant to FRCP 26(c)(1)(G) that the material is, in fact, a trade
7 secret or other confidential research, development, or commercially sensitive
8 business information, as defined in paragraph 2(a).

9         e.    If a Party disagrees with the "Confidential" designation of any
10 Protected Document, the party will so notify the Designating Party in writing.
11 Counsel shall confer in good faith in an effort to resolve any dispute concerning
12 such designation or redaction. If the objection cannot be resolved by agreement,
13 the parties will follow the procedures set forth in Local Rule 37. The Designating
14 Party shall be the Moving Party for the purposes of interpreting this paragraph in
15 accordance with Local Rule 37. While the parties are resolving the dispute either
16 informally or by way of the procedures set forth in Local Rule 37, the document or
17 information whose designation or redaction is objected to shall continue to be
18 treated as Confidential, as applicable, until the issue or motion has been decided
19 by the Court. In the event that a motion to confirm a confidentiality designation is
20 denied, the Designating Party shall cause the confidentiality legend or redaction to
21 be removed from such documents within ten (10) business days following entry of
22 the Court's order.

23     5.    **Use and Disclosure of Protected Documents.**

24         a.    Protected Documents and any copies thereof received pursuant
25 to this Protective Order shall be maintained as Confidential by the receiving party,
26 his/her attorney, other representatives, and expert witnesses, and shall be used only
27 for purposes of this action, subject to the limitations set forth herein. The persons
28 or entities identified in Paragraph 4(b)(i)-(ix) below to whom Protected

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER; AND
[PROPOSED] PROTECTIVE ORDER

1  Documents are disclosed pursuant to this Order shall keep all such materials and

2  information, and any copies, notes, extracts, summaries, or descriptions of such

3  material, within their exclusive possession and control, shall treat all such copies,

4  notes, extracts, summaries, or descriptions of the Protected Documents or any

5  portion thereof as Confidential, shall take all necessary and prudent measures to

6  maintain the confidentiality of all such materials or information, and shall not

7  disseminate such Protected Documents other than in accordance with this Order.

8         b.    Protected Documents shall be disclosed only to "Qualified

9  Persons."  Qualified Persons are limited to:

10          i. The Court and its personnel;

11          ii. The Parties to this litigation;

12          iii. Counsel of record in this litigation, as well as paralegals,

13          technical, administrative and clerical employees working under the

14          direct supervision of such counsel;

15          iv. Experts and non-attorney consultants retained by the Parties for

16          the preparation or trial of this case, provided that no disclosure

17          shall be made to any expert or consultant who is currently

18          employed by an automobile manufacturer competitor of Ford;

19          v. A potential, anticipated or actual fact witness whom counsel for

20          the disclosing Party believes in good faith is likely to have

21          knowledge pertaining to the content of the Protected Documents to

22          be disclosed;

23          vi. The author(s) or any recipient of the document;

24          vii. Litigation support consultants and vendors who provide

25          litigation support services (e.g., photocopying, electronic

26          discovery, videotaping, translating, preparing exhibits or

27          demonstrations, etc.);

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER; AND
[PROPOSED] PROTECTIVE ORDER

1              viii. Court reporters recording and/or transcribing deposition

2              testimony; and

3              ix. Any person expressly named and agreed to in writing by the

4              Parties or by further Order of the Court.

5        c.     To the extent Protected Documents or Confidential Information

6 are attached to, quoted in or otherwise referred to in documents filed with the

7 Court, such Protected Documents and Confidential Information are subject to the

8 Court's requirements for filing documents under seal as outlined in paragraph 7

9 below.

10        d.     To the extent Protected Documents or information obtained

11 therefrom are used in the taking of depositions and/or used as exhibits at trial, such

12 documents or information shall remain subject to the provisions of this Order,

13 along with the transcript pages of the deposition testimony and/or trial testimony

14 dealing with, referring to or referencing the Protected Documents or information.

15        e.     Protected Documents, whether produced electronically or

16 otherwise, shall not be posted on any website or internet-accessible document

17 repository that is accessible to anyone other than "Qualified Persons" listed above.

18        f.     All persons described in Paragraph 4(b)(i)-(viii) above shall not

19 under any circumstance sell, offer for sale, advertise, or publicize either the

20 Protected Documents and the Confidential Information contained therein or the

21 fact that such persons have obtained Protected Documents and Confidential

22 Information.

23        g.     For those persons identified in Paragraphs 4(b)(iv) and (v)

24 above, any such persons shall not have access to Protected Documents without

25 having first having read, acknowledged, and agreed to be bound by this Order by

26 executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be

27 Bound").

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER; AND
[PROPOSED] PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1    h.    Each Party's counsel shall retain each such executed Agreement

2  to be Bound and shall keep a list identifying (i) all persons to whom Protected

3  Documents have been disclosed, and (ii) all Protected Documents disclosed to

4  such persons.  Upon request, each such executed Agreement to be Bound and list

5  shall be submitted to counsel for the Designating Party at the termination of this

6  litigation.

7    6.    **Designation of Deposition Testimony.**

8    a.    Deposition testimony that counsel for the Party or non-party

9  witness tendering such testimony, in good faith, believes refers to Protected

10  Documents or information obtained therefrom or includes Confidential

11  Information shall be designated as "CONFIDENTIAL," as applicable, by such

12  counsel by making a statement on the record for inclusion in the deposition

13  transcript or, in writing, within thirty (30) calendar days after receipt of the

14  transcript.

15    b.    When Protected Documents or information is designated as

16  confidential in a deposition transcript, the counsel making the designation shall

17  instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS

18  CONFIDENTIAL INFORMATION" on the cover page of the transcript and to

19  include, at the front of the transcript, a page identifying all pages and lines

20  designated "CONFIDENTIAL" in the transcript.

21    c.    To the extent that Protected Documents or Confidential

22  Information obtained therefrom are used in the taking of depositions and/or used

23  as exhibits at trial, such documents or information shall remain subject to the

24  provisions of this Order, along with the transcript pages of the deposition

25  testimony and/or trial testimony dealing with the Protected Documents or

26  information.

27    d.    Any court reporter or transcriber who reports or transcribes

28  testimony in this action shall agree that all Protected Documents and Confidential

8

1  Information designated as such under this Order shall remain Confidential and

2  shall not be disclosed by them, except pursuant to the terms of this Order, and that

3  any notes or transcriptions of such testimony (and any accompanying exhibits)

4  will be retained by the reporter or delivered to counsel of record.

5      7.    **Storage of Confidential Information.**  The recipient of any Protected

6  Documents or Confidential Information that is provided under this Protective

7  Order shall use its best efforts to maintain such information in a reasonably secure

8  and safe manner that ensures that access is limited to the persons authorized under

9  this Order.

10      8.    **Filing Under Seal**.  If any party seeks to file with the Court any

11  portion of any Protected Document or information taken from a Protected

12  Document or other Confidential Information or transcripts designated confidential,

13  such materials shall be submitted to the Court with an application to file under seal

14  in accordance with Local Rule 79.5.1.  Any Protected Document or other

15  document that cites to or attaches confidential portions of deposition transcripts or

16  copies of or material taken from a Protected Document shall be filed in a sealed

17  envelope or other appropriate sealed container pursuant to Local Rule 79.5.1.

18  Furthermore, the face of the envelope or container containing any Protected

19  Document shall contain a conspicuous notation that it contains "DOCUMENTS

20  UNDER SEAL" or the equivalent. It shall also contain the case caption, a

21  descriptive title of the document, unless such information is to be, or has been,

22  included among the information ordered sealed and the date of any order or reference

23  to any statute permitting the item to be sealed.

24      9.    **Conclusion of Litigation.**  Within one hundred and twenty (120) days

25  after the conclusion of this case, counsel for the Party who has received Protected

26  Documents shall either:  (i) return to the Designating Party the Protected

27  Documents, including any documents which any such Party disclosed to any

28  Qualified Person, or (ii) securely destroy the Protected Documents, including any

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   documents which any such Party disclosed to any Qualified Person, and certify in

2   writing such destruction to the Designating Party.

3        10.   **Not Applicable to Trial.**  This Order does not apply to the offer of or

4   admission into evidence of Protected Documents or Confidential Information or

5   their content at trial or in any evidentiary hearing, nor does it apply for any other

6   purpose under the Federal Rules of Evidence.  Such evidentiary issues may be

7   raised as a separate matter upon the motion of any party at the time of trial or

8   evidentiary hearing.

9        11.   **Inadvertent Production/Waiver.**

10       a.    The production of Protected Documents or Confidential

11  Information pursuant to this Order is not intended to constitute a waiver of any

12  privilege or right to claim the trade secret or confidential status of the documents,

13  materials or information produced.

14       b.    Inadvertent or unintentional production of documents or

15  information which should have been designated as Confidential shall not be

16  deemed a waiver in whole or in part of the Party's claims of confidentiality.  If a

17  Party has inadvertently or unintentionally produced information which should have

18  been designated as Confidential, the producing Party will notify the receiving

19  Party within twenty-one (21) days of discovery of the inadvertent production and

20  request that the Confidential designation be applied to such documents or

21  information.  If a receiving party objects to the producing Party's Confidentiality

22  designation, it will notify the producing Party of its objections in writing within

23  seven (7) business days of receipt of the notification described above.  If the

24  parties cannot reach an agreement, the parties will follow the procedures set forth

25  in Local Rule 37.  The producing Party shall be the Moving Party for the purposes

26  of interpreting this paragraph in accordance with Local Rule 37.  Pending the

27  Court's ruling, a receiving Party agrees to maintain the documents as Confidential

28  under the terms of this Order

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER; AND
[PROPOSED] PROTECTIVE ORDER

1      c.    Inadvertent or unintentional production of documents or

2  information containing information which should have been designated as

3  privileged shall not be deemed a waiver in whole or in part of the Party's claims of

4  privilege.  Pursuant to Fed. R. Evid. 502(b)-(d), if a Party has inadvertently or

5  unintentionally produced information subject to a claim of immunity or privilege,

6  upon written request made by the producing Party within twenty-one (21) days of

7  discovery, all copies of such information shall be returned to the producing Party

8  within seven (7) business days of such request unless the receiving party intends to

9  challenge the producing Party's assertion of privilege or immunity.  If a receiving

10  party objects to the return of such information within the seven (7) business day

11  period described above, the producing Party may move the Court for an order

12  compelling the return of such information.  Pending the Court's ruling, a receiving

13  Party may retain the inadvertently or unintentionally produced documents in a

14  sealed envelope and shall not make any use of such information.

15      12.  **Modification.**  This Protective Order may not be waived, modified,

16  abandoned or terminated, in whole or part, except by an instrument in writing

17  signed by the Parties or pursuant to further Court Order.  If any provision of this

18  Protective Order shall be held invalid for any reason whatsoever, the remaining

19  provisions shall not be affected thereby.

20      13.  **Duration.**

21      a.    After termination of this litigation, the provisions of this Order

22  shall continue to be binding.  This Court retains and shall have jurisdiction over

23  the parties and all recipients of the Protected Documents and Confidential

24  Information for enforcement of the provisions of this Order following termination

25  of this litigation.

26      b.    This Protective Order shall be binding upon the parties hereto,

27  upon their attorneys, and upon the Parties' and their attorneys' successors,

28  executors, personal representatives, administrators, heirs, legal representatives,

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

11

1  assigns, subsidiaries, divisions, employees, agents, independent contractors, or

2  other persons or organizations over which they have control. *The Court*

3  **IT IS SO ORDERED.** *continues the terms of the Martin protective order, except where*

4  *For good cause shown* *inconsistent with the Local Rules of the Central District.* (*SNS*)

5  Dated: 3/10/2014        By: /s/ S N Segal

6                                                Hon. Suzanne N. Segal

7                                                United States Magistrate Judge

8  Approved as to form and content and respectfully submitted by:

9

10  Dated: February 18, 2014        **DYKEMA GOSSETT LLP**

11

12                          By:   /s/ Ashley Fickel
                                      ASHLEY FICKEL
13                                  JANET L. CONIGLIARO
                                      Attorneys for Defendant
14                                  FORD MOTOR COMPANY

15                          **GOLOMB & HONIK, P.C.**

16

17                          By:   /s/ Kevin W. Fay
                                      RUBEN HONIK
18                                  KEVIN W. FAY
                                      Attorneys for Plaintiffs and the Class
19

20                          **MILSTEIN ADELMAN LLP**

21

22                          By:   /s/ Gillian L. Wade
                                      GILLIAN L. WADE
23                                  STEPHANIE MAZEPA
                                      Attorneys for Plaintiffs and the Class
24

25

26  PAS01\737092.1
    ID\ARF - 109104\0008
27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT A
## AGREEMENT TO BE BOUND

I, _____, [print or type full name],

of_____ [print or type full

address] declare under penalty of perjury, under the laws of the United States of

America, that:

1.

I have read the Stipulated Protective Order attached hereto, and I understand its terms

and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States

District Court for the Central District of California, in which the action *Jenelle Ford*

*and Barry Ford et al. v. Ford Motor Co.*, Case No. 2:13-cv-08335 is pending, and

binds me to the provisions of the Stipulated Protective Order, including to all

promises undertaken in the Order, as if originally agreed by me.

Date: _____

City and State (or Country) where sworn and signed:_____

Printed name: _____

Signature:_____

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER; AND
[PROPOSED] PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT 1

Case 2:13-cv-08335-PSG-SS Document 42 Filed 03/10/14 Page 15 of 26 Page ID #:589
Case 2:13-cv-08335-PSG-SS Document 42 Filed 03/10/14 Page 11 of Page ID #:399
Case 2:10-cv-02203-JHS Document 46 Filed 04/27/11 Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON D. MARTIN, on behalf of himself and all others similarly situated, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | **DOCKET NO. 2:10-cv-02203-JHS** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| FORD MOTOR COMPANY | : | **CLASS ACTION** |
| | : | |
| | : | |
| Defendant | : | |

### STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect materials entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under Federal Rules of Civil Procedure (FRCP) 26(c)(1), and with the consent of the parties, hereby **ORDERED**:

**1.     Scope of the Order**.

This Order is intended to facilitate the Parties' production of information and documents as part of the voluntary disclosure, document production and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party designates as "Confidential." The Parties reserve the right to address additional issues of

1

Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 16 of 26   Page ID #:590
Case 2:13-cv-08335-PSG-SS   Document 46   Filed 04/27/11   Page 2 of Page ID #:400
Case 2:10-cv-02203-JHS   Document 46   Filed 04/27/11   Page 2 of 10

confidentiality at the time of trial.

2. **General Definitions.** For purposes of this Order, the following terms have the following meanings:

a. "Confidential Information" shall mean trade secrets or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G) that is contained in Protected Documents.

b. "Designating Party" shall mean the Party or non-party designating the Documents or Discovery Material as "Confidential."

c. "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

d. "Document" shall mean and include, without limitation, all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise) defined as permitted under FRCP 34.

e. "Party" or "Parties" shall mean and include the parties to this litigation.

f. "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

g. "Protected Documents" shall mean documents to be produced in this litigation which contain Confidential Information.

3. **Designating Confidential Information.**

a. All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

2

Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 17 of 26   Page ID #:591
Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 13 of Page ID #:401
Case 2:10-cv-02203-JHS   Document 46   Filed 04/27/11   Page 3 of 10

b. The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

c. Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

d. The burden of proving that a Protected Document contains Confidential Information is on the Designating Party. Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G).

e. If a Party disagrees with the "Confidential" designation of any Protected Document, the party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the Designating Party shall move the Court to confirm the confidentiality designation or redaction. Any opposition to such motion shall be filed within ten (10) business days of the filing of such motion. In the event that a motion to confirm a confidentiality designation is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as Confidential, as applicable, until the motion has been decided by the Court. In the event that a motion to confirm a confidentiality designation is denied, the Designating Party shall cause the confidentiality legend or redaction to be removed from such documents within ten (10) business days following entry of the Court's order.

3

Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 18 of 26   Page ID #:592
Case 2:13-cv-08335-PSG-SS   Document 33   Filed 01/10/14   Page 14 of Page ID #:402
Case 2:10-cv-02203-JHS   Document 46   Filed 04/27/11   Page 4 of 10

**4. Use and Disclosure of Protected Documents.**

      a. Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained Confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, only, subject to the limitations set forth herein. The persons or entities identified in Paragraph 4(b)(i)-(vii) below to whom Protected Documents are disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Protected Documents other than in accordance with this Order.

      b. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    i. The Court, persons employed by the Court who are necessary for the handling of this litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this litigation and any appeal therefrom;

    ii. The Parties to this litigation, which may include persons who are current employees of the producing party;

    iii. Counsel of record in this litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

    iv. Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Defendant Ford;

    v. The author(s) or any recipient of the document. This may include any person who is identified as having prepared, received, reviewed or been provided access to the "Confidential" material prior to its production in the action, and has been noticed for deposition or as a trial witness, provided however that such disclosure may only occur for the purpose of conducting the deposition or trial examination of the person, or assisting in the preparation of such person for deposition or trial

4

Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 19 of 26   Page ID #:593
Case 2:13-cv-08335-PSG-SS   Document 32   Filed 07/01/13   Page 15 of Page ID #:403
Case 2:10-cv-02203-JHS   Document 46   Filed 04/27/11   Page 5 of 10

examination and only if counsel has a good faith belief that the witness has relevant information regarding the Confidential material;

vi. Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.); and

vii. any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

c. While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than "Qualified Persons" listed above.

d. All persons described in Paragraph 4(b) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

e. Pursuant to Paragraph 4(b)(iv) above, for those persons that are designated experts, each such expert shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be Bound").

f. Each Party's counsel shall retain each such executed Agreement to be Bound and shall keep a list identifying (a) all persons to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such Agreement to be Bound and list shall be submitted to counsel for the Designating Party at the termination of this litigation.

5. **Designation of Deposition Testimony.**

a. Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "CONFIDENTIAL," as applicable, by such counsel by

5

Case 2:13-cv-08335-PSG-SS Document 42 Filed 03/10/14 Page 20 of 26 Page ID #:594
Case 2:13-cv-08335-PSG-SS Document 42 Filed 03/10/14 Page 16 of Page ID #:404
Case 2:10-cv-02203-JHS Document 46 Filed 04/27/11 Page 6 of 10

making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after receipt of the transcript.

b. When Protected Documents or information obtained therefrom is designated as confidential in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

c. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

d. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

6. **Filing Under Seal.**

All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container pursuant to Eastern District of Pennsylvania Local Rules 5.1.2(7) and 5.1.5. Furthermore, the copy of the title page of the action attached to the envelope or container shall include the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the

6

Case 2:13-cv-08335-PSG-SS  Document 42  Filed 03/10/14  Page 21 of 26  Page ID #:595
Case 2:13-cv-08335-PSG-SS  Document 46  Filed 04/27/11  Page 17 of Page ID #:405
Case 2:10-cv-02203-JHS  Document 46  Filed 04/27/11  Page 7 of 10

Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

### 7. __Return of Documents__.

Within one hundred and twenty (120) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

### 8. __Inadvertent Production__.

Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving party intends to challenge the producing Party's assertion of privilege or immunity. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

### 9. __Right to Use Own Information__.

Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and documents

### 10. __Subpoena or Order__.

7

Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 22 of 26   Page ID #:596
Case 2:13-cv-08335-PSG-SS   Document 33   Filed 01/18/14   Page 18 of 19   Page ID #:406
Case 2:10-cv-02203-JHS   Document 46   Filed 04/27/11   Page 8 of 10

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

### 11. Modification.

This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

### 12. Duration.

a.       After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

b.       This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 23 of 26   Page ID #:597
Case 2:13-cv-08335-PSG-SS   Document 42   Filed 03/10/14   Page 21 of Page ID #:407
Case 2:10-cv-02203-JHS   Document 46   Filed 04/27/11   Page 9 of 10

Agreed and Stipulated to By and Between:

By: _____
Attorneys for Defendant Ford Motor
Company

By: _____
Counsel for Plaintiffs


APPROVED and SO ORDERED:
APRIL 27, 2011

_____
                                    J.

9

Case 2:13-cv-08335-PSG-SS  Document 42  Filed 03/10/14  Page 24 of 26  Page ID #:598
Case 2:13-cv-08335-PSG-SS  Document 42  Filed 03/10/14  Page 10 of  Page ID #:408
Case 2:10-cv-02203-JHS  Document 47  Filed 04/27/11  Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON D. MARTIN, on behalf of himself      :      CIVIL ACTION
and all others similarly situated,         :
                                           :
                         Plaintiff         :
                                           :
            vs.                            :      DOCKET NO. 2:10-cv-02203-JHS
                                           :
                                           :      JURY TRIAL DEMANDED
                                           :
FORD MOTOR COMPANY                         :      CLASS ACTION
                                           :
                                           :
                         Defendant         :

ADDENDUM TO STIPULATED PROTECTIVE ORDER

In addition to all terms agreed to by the parties in the Stipulated Protective Order in this

matter, the Court retains the right to allow disclosure of any subject covered by this stipulation or

to modify this stipulation at any time in the interest of justice.

Agreed and Stipulated to By and Between:

By: _____
Attorneys for Defendant Ford Motor
Company

By: _____
Counsel for Plaintiffs

24

# Stipulation

2:13-cv-08335-PSG-SS Jenelle
Ford et al v. Ford Motor Company
et al

(SSx),DISCOVERY,MANADR

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Fickel, Ashley on 2/18/2014 at 3:29 PM PST and filed on 2/18/2014

**Case Name:**         Jenelle Ford et al v. Ford Motor Company et al
**Case Number:**     2:13-cv-08335-PSG-SS
**Filer:**                  Ford Motor Company
**Document Number:** 32

**Docket Text:**
**STIPULATION for Protective Order filed by Defendant Ford Motor Company.
(Attachments: # (1) Exhibit, # (2) Proposed Order)(Fickel, Ashley)**

**2:13-cv-08335-PSG-SS Notice has been electronically mailed to:**

Ashley R Fickel    afickel@dykema.com, lspencer@dykema.com

Gillian L Wade    gwade@milsteinadelman.com, dmarin@milsteinadelman.com

J Tracy Walker , IV    twalker@mcguirewoods.com

Janet L Congliaro    jconigliaro@dykema.com

Joan S Dinsmore    jdinsmore@mcguirewoods.com

Kevin W Fay    Kfay@golombhonik.com

Ruben Honik    rhonik@golombhonik.com, emalloy@golombhonik.com, lpena@golombhonik.com

Stephanie Mazepa    smazepa@milsteinadelman.com

Tamara A Bush    tbush@dykema.com, kvotava@dykema.com

**2:13-cv-08335-PSG-SS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Stipulated Confidentiality Agreement For Entry Of Protective Order;
And [Proposed] Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/18/2014] [FileNumber=17015598-0
] [084e1a37570da2c4770eff9b896470b876064054a50b9db84160520f74f8ac87ea0
4bead691afce5eacbc5d5c8cc1dbeca527bbbf0ecff9a1fc370b80ec75c4b]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 1 for Stipulated Confidentiality Agreement For Entry Of
Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/18/2014] [FileNumber=17015598-1
] [51b6131cff81f8124ed357fb4b4013fe0877e7c330b8a54aacc0ba35da969459426
a04c2f9829bb43492dfad9c87819ec93f92417015372bcb0117890cd73cec]]
CMECF.widgit.ProcessingWindowDestroy() TRONG>Document description:Proposed Order
**Original filename:**C:\fakepath\[Proposed] Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/18/2014] [FileNumber=17015598-2
] [771c800fe4e058863b9136b8f858ab75b2b14a8d411a90e86a5eba4fcde8c69875b
6f01be02c707d91a0101fc1737212c0aeed41ce7f574f5d4593462ad78998]]